# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 10102 | **DATE** | 1/11/2013 |
| **CASE TITLE** | Noel Gaya (2012-0727047) v. Toni Preckwinckle and Tom Dart | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 5), is granted. The Court authorizes and orders Cook County Jail officials to deduct $26.87 from Plaintiff's account, and to continue making monthly deductions in accordance with this order. The clerk shall send a copy of this order to the Supervisor of Inmate Trust Fund Accounts, Cook County Dept. of Corrections Administrative Office, Division V, 2700 S. California, Chicago, Illinois 60608. The Clerk is instructed to issue a summons for service on defendant Dart. Dart remains as a Defendant solely that Plaintiff may identify the John Doe correctional officer. Defendant Preckwinckle is dismissed. The Clerk shall also send plaintiff a Magistrate Judge Consent Form, Amended Civil Rights Complaint Form, and Instructions for Submitting Documents along with a copy of this order. The United States Marshals Service is appointed to serve all Defendants.

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

 Pro se Plaintiff Noel Gaya, a Cook County Jail detainee, has brought a civil rights suit pursuant to 42 U.S.C. § 1983. Pending before the Court are Plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 5), and complaint for an initial review pursuant to 28 U.S.C. § 1915. (Dkt. No. 1).

 Plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 5), is granted. Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is assessed an initial partial filing fee of $26.87. The supervisor of inmate trust accounts at the Cook County Jail is authorized and ordered to collect, when funds exist, the partial filing fee from Plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, the trust fund officer at Plaintiff's place of confinement is directed to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from Plaintiff's trust fund account shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this action. The Cook County inmate trust account office shall notify transferee authorities of any outstanding balance in the event Plaintiff is transferred from the jail to another correctional facility.

 Plaintiff alleges that he was detained in inhumane conditions of confinement at the Cook County Jail. This included lack of lighting and proper water, and no access to medical treatment. Plaintiff may proceed with a claim of being detained in inhumane conditions of confinement. *Sain v. Wood*, 512 F.3d 886, 894 (7th Cir. 2008).

# STATEMENT

Plaintiff is informed that his named defendants of Cook County Board President Toni Preckwinckle and Sheriff Tom Dart are unacceptable. Plaintiff may only bring a claim against the individual who was personally involved in exposing Plaintiff to the unconstitutional condition. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Plaintiff is prohibited from bringing a claim against Preckwinckle and Dart simply because they have ultimate responsibility for the Jail. The proper Defendant is the individual who placed Plaintiff in the alleged conditions and also those who ignored his requests regarding the conditions. Dart remains as a Defendant solely so that Plaintiff may identify the John Doe correctional officer who allegedly ignored Plaintiff's complaints regarding the conditions.

Plaintiff should be aware that he cannot obtain damages from any Defendant unless he serves them (or obtains waivers of service) in accordance with Fed. R. Civ. P. 4. Naming the officer as a John Doe is ultimately insufficient. He cannot obtain service on the Doe Defendant, he must determine his name. Once an attorney has entered an appearance on Sheriff Dart's behalf, Plaintiff may send defense counsel interrogatories (that is, a list of questions) eliciting information regarding the identity of the John Doe Defendant who allegedly violated his constitutional rights. *See* Fed. R. Civ. P. 33. After Plaintiff learns the Doe Defendant's identity, he may submit a proposed amended complaint that names the Doe Defendant under his or her actual name. A summons will then issue for service on the Defendant who allegedly injured Plaintiff and Sheriff Dart will be dismissed. Plaintiff is advised that there is a two-year statute of limitations for civil rights actions; he should therefore attempt to identify the Doe Defendant as soon as possible. *See Worthington v. Wilson*, 8 F.3d 1253, 1256-57 (7th Cir. 1993); *Wood v. Worachek*, 618 F.2d 1225, 1230 (7th Cr. 1980).

Should Plaintiff decide to submit a proposed amended complaint, he must write both the case number and the Judge's name on the proposed amended complaint, sign it, and return it to the Prisoner Correspondent. As with every document filed with the Court, Plaintiff must provide an extra copy for the Judge; he must also submit a service copy for each Defendant named in the proposed amended complaint. Plaintiff is cautioned that an amended pleading supersedes the original complaint and must stand complete on its own. Therefore, all allegations against all Defendants must be set forth in the proposed amended complaint, without reference to the original complaint. Any exhibits Plaintiff wants the Court to consider in its threshold review of the proposed amended complaint must be attached, and each copy of the proposed amended complaint must include complete copies of any and all exhibits. Plaintiff is advised to keep a copy for his files.

The Clerk is instructed to issue a summons for service on Defendant Dart. Dart remains as a Defendant soley that Plaintiff may identify the John Doe correctional officer. The Clerk shall also send plaintiff a Magistrate Judge Consent Form, Amended Civil Rights Complaint Form, and Instructions for Submitting Documents along with a copy of this order. The United States Marshals Service is appointed to serve all Defendants. Any service forms necessary for the Plaintiff to complete will be sent by the Marshal as appropriate to serve Defendants with process. The U.S. Marshal is directed to make all reasonable efforts to serve Defendants. With respect to any former employees who no longer can be found at the work address provided by the Plaintiff, Cook County / Cook County Jail, shall furnish the Marshal with Defendant's last-known address. The information shall be used only for purposes of effectuating service [or for proof of service, should a dispute arise] and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the Court file, nor disclosed by the Marshal. Plaintiff is to provide the U.S. Marshals Service with a copy of the complaint and a proper form for request of waiver pursuant to Federal Rule of Civil Procedure 4(d)(1). The U.S. Marshals Service is requested to mail the complaint and appropriate papers for waiver of service by first-class mail to the named Defendant pursuant to Rule 4(d)(1)(G).

| STATEMENT |
|---|
| Plaintiff is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent.  Plaintiff must provide the Court with the original plus a complete Judge's copy, including any exhibits, of every document filed.  In addition, Plaintiff must send an exact copy of any court filing to Defendants [or to defense counsel, once an attorney has entered an appearance on behalf of Defendants].  Every document filed with the Court must include a certificate of service stating to whom exact copies were mailed and the date of mailing.  Any paper that is sent directly to the Judge or that otherwise fails to comply with these instructions may be disregarded by the Court or returned to Plaintiff. |